UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| FRANK I. GRAHAM,<br><br>               Plaintiff,<br>   v.<br><br>FEDERAL BUREAU OF INVESTIGATION et al,<br><br>               Defendants. | CASE NO. 2:23-cv-00149-TL<br><br>ORDER OVERRULING OBJECTIONS TO R&R AND DENYING MOTION TO APPOINT |

This matter comes before the Court on Plaintiff's Objections to the Report and Recommendation of Magistrate Judge S. Kate Vaughan (Dkt. No. 5) and Plaintiff's Motion to Appoint Counsel (the "Motion") (Dkt. No. 6). Having reviewed the Objections and Motion, the Report and Recommendation (Dkt. No. 4), and all relevant materials, the Court OVERRULES the Objections to the Report and Recommendation, ADOPTS the Report and Recommendation, DISMISSES this matter without prejudice, and DENIES the Motion.

ORDER OVERRULING
OBJECTIONS TO R&R AND
DENYING MOTION TO APPOINT - 1

## I. BACKGROUND

As the Report and Recommendation notes, Plaintiff's proposed civil rights complaint appears to allege violations of his civil rights stemming from what he alleges are intrusions into his apartment that are evidenced by voices and sounds he hears in his head. Dkt. No. 1-2; Dkt. No. 4. The Report and Recommendation concludes that the proposed complaint fails to state a claim upon which relief can be granted and appears frivolous and that these defects cannot be cured through amendment. Dkt. No. 4.

## II. LEGAL STANDARD

A district court has jurisdiction to review a magistrate judge's report and recommendation on dispositive matters. See Fed. R. Civ. P. 72(b). The district court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); *see also* Fed. R. Civ. P. 72(b)(3) (the Court "must determine de novo any part of the magistrate judge's disposition that has been properly objected to"). "The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3); *accord* 28 U.S.C. § 636(b)(1). A party properly objects when the party files "specific written objections" to the report and recommendation as required under Federal Rule of Civil Procedure 72(b)(2).

## III. DISCUSSION

The Report and Recommendation recommended dismissal of the case pursuant to 28 U.S.C. § 1915. That statutory provision requires a court to dismiss an *in forma pauperis* complaint if it is "frivolous or malicious," "fails to state a claim on which relief can be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2); *see also Lopez v. Smith*, 203 F.3d 1122, 1129 (9th Cir. 2000) (en banc) ("[S]ection

1915(e) applies to all in forma pauperis complaints . . . ."). The Court finds that Plaintiff has failed to provide any cogent objections to the Report and Recommendation's analysis and conclusions and agrees with the Report and Recommendation that this case should be dismissed pursuant to 28 U.S.C. § 1915(e)(2).

First, the Report and Recommendation correctly notes that the Complaint fails to state a claim upon which relief may be granted, as required by Federal Rule of Civil Procedure 8(a). Plaintiff's Objections do not respond to the analysis in the Report and Recommendation or explain how the complaint could be saved through amendment; instead, they identify medical records, information concerning Plaintiff's birth, the harassing voices and sounds he hears in his head, and certain personal property. Dkt. No. 5 at 1–2. The Objections also include photos of what appear to be Plaintiff and his apartment. Dkt. No. 5-1.

Second, the Court also agrees that the proposed complaint appears frivolous, which is a separate ground to dismiss the action. *See* 28 U.S.C. § 1915(e)(2)(B). A complaint is frivolous if it lacks any arguable basis in law or fact. *Neitzke v. Williams,* 490 U.S. 319, 328–90 (1989). Nothing in Plaintiff's Objections suggests that the Complaint may be amended to cure the defects noted in the Report and Recommendation. Accordingly, the Court ADOPTS the Report and Recommendation and DISMISSES this action WITHOUT PREJUDICE.

"A district court should not dismiss a *pro se* complaint without leave to amend unless 'it is absolutely clear that the deficiencies of the complaint could not be cured by amendment.'" *Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012) (quoting *Schucker v. Rockwood*, 846 F.2d 1202, 1203–04 (9th Cir. 1988) (per curiam)) (district court erred by failing to explain deficiencies of a *pro se* prisoner civil rights complaint and dismissing without leave to amend). Here, it is clear that the Complaint's deficiencies cannot be cured by amendment. While

sympathetic to the Plaintiff's difficulties, the Court cannot find anything in the Complaint that suggests Plaintiff can make a claim for relief over which the Court would have jurisdiction.

The Court also rejects Plaintiff's Motion (Dkt. No. 6). "Generally, a person has no right to counsel in civil actions." *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009) (affirming denial of appointment of counsel). Although most *pro se* litigants would benefit from representation by an attorney, that alone does not warrant the appointment of counsel. *See Rand v. Roland*, 113 F.3d 1520, 1525 (9th Cir. 1997) (affirming denial of appointment of counsel), *overruled on other grounds*, 154 F.3d 952 (9th Cir. 1998) (en banc). Instead, a court may appoint counsel for indigent civil litigants under "exceptional circumstances," pursuant to 28 U.S.C. § 1915(e)(1). *See Palmer*, 560 F.3d at 970. When determining whether "exceptional circumstances" exist, a court must at least consider "the likelihood of success on the merits as well as the ability of the [plaintiff] to articulate his claims *pro se* in light of the complexity of the legal issues involved." *Id.* (quotation marks omitted) (quoting *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983)). Neither of these considerations is dispositive; they must be viewed together. *Id.*

The Court finds that the proposed complaint lacks sufficient merit to warrant the appointment of counsel. The Court also notes that Plaintiff has provided insufficient evidence that he has recently sought and been thwarted in finding counsel to assist with this lawsuit. Nor is the Court convinced that appointment of counsel would assist in amending the complaint in any manner to satisfy Rule 8(a). The Court therefore DENIES the Motion.

IV.   CONCLUSION

The Court OVERRULES Plaintiff's Objections to the Report and Recommendation and ADOPTS the Report and Recommendation (Dkt. Nos. 4, 5). The Court DISMISSES this matter

WITHOUT PREJUDICE consistent with 28 U.S.C. § 1915(e)(2)(B). The Court also DENIES Plaintiff's Motion to Appoint Counsel (Dkt. No. 6).

The Court DIRECTS the Clerk to send a copy of this Order to Plaintiff, all counsel of record, and Judge Vaughan.

Dated this 4th day of April 2023.

Tana Lin
United States District Judge